Administrator of Joseph Beeman v. Theron Webster.

When service is performed in payment of a pre-existing debt, no recovery can be had therefor.

Quære.—Whether any recovery can be had, by an administrator, in an action pending at the decease of his intestate, when the defendant has presented a claim to the commissioners on the estate of the deceased, and they have allowed him the same, without any objection by the administrator against their proceedings.

This was an action of book account, originally brought by the intestate, before a justice of the peace, from whose decision there was an appeal to the county court, where a judgment to account was rendered, and an auditor appointed, who reported as follows :

" The plaintiff presented the account, which is annexed to
' this report, (marked plaintiff's account,) and the original
' book of Joseph Beeman, deceased, on which the charges
' were made by the said Beeman. The plaintiff, the defend-
' ant, and their respective witnesses, were sworn and exam-
' ined, and, from their testimony, the auditor reports the fol-
' lowing facts.

' 1. That items 3 and 4, in plaintiff's account, ought not
' to be allowed—item No. 3, never having been properly
' chargable to defendant, and item No. 4, having been paid
' for by defendant to the plaintiff, in his life time.

' 2. As to items No. 1 and 2, he finds the following facts,
' that, at the time these services were rendered, by the
' deceased to defendant, it was agreed that the said Beeman
' should be paid therefor, by a "provision box," and that
' previous to the rendering of the services by the deceased,

FRANKLIN,
January,
1843.

Adm'r of
Beeman
v.
Webster.

'he had the provision box of the said defendant, and, in con-
'sideration thereof, rendered the services charged. That after
'the death of the said Joseph Beeman, the defendant present-
'ed to the commissioners on his estate, the account annexed,
'(marked defendant's account,) and the same was allowed
'by the commissioners, as appears from their allowance, on
'the back of the account, and a report thereof, by them made
'to the probate court, and duly accepted by the court. The
'defendant, at the time he presented the account to the com-
'missioners, stated to them, verbally, that the charge, No. 1,
'for a "provision box," was, as he understood, to offset to a
'charge which he supposed would be brought against him by
'the estate of the deceased, for his services in carrying him,
'(the defendant,) to Shelburne Point. But as no such charge
'on behalf of the estate was before the commissioners, the
'said item for the "provision box," was included in the al-
'lowance by the commissioners. The plaintiff, also, proved,
'(the defendant objecting thereto,) that, before the time of
'the audit, but after the commencement of this action, the
'plaintiff tendered the defendant, the sum of $3.26, being
'the amount of defendant's account allowed by commission-
'ers, with legal interest thereon, to the time of the tender,
'and the plaintiff also presented the sum so tendered, in
'court.

'The defendant also offered, in offset to plaintiff's account,
'the allowance of his account, by the commissioners, as afore-
'said, and claimed to have the sum so allowed offset to the
'claim of the plaintiff, if any part of the same should be
'allowed by your auditor, and judgment in his behalf, for
'the balance. The defendant, also, proved the account so
'allowed by the commissioners, to be a just account, and
'claimed to have the same set off, as an account, and not as
'an allowance by the commissioners.

'The defendant also proved an allowance by the commis-
'sioners of the said estate, duly accepted by the probate court,
'in his favor against the deceased, of $2.65, (as will appear
'from the execution and allowance annexed to this report)
'on an execution in his favor against the deceased, and
'claimed to have the same set-off against the plaintiff's ac-
'count. The defendant also claimed said allowance as an
'account, and that he had a right to have the same set off

FRANKLIN,
January,
1843.

Adm'r of
Beeman
v.
Webster.

'as an account. The auditor also finds, that this suit was 'pending at the time of the allowance by the commis- 'sioners as aforesaid, and, indeed, was commenced by the 'said Joseph Bœman in his life time.

'If, from the preceding facts, the court should be of 'opinion that the items No. 1 and 2, in the plaintiff's account, 'can be legally allowed him, the auditor would report that 'they ought to be allowed at the sum of $1.25, that being the 'just value of the services rendered.

'The auditor would beg leave to submit to the court the 'questions of law arising from the facts found as aforesaid. 'He deems it unnecessary also to report what sum should 'be found due the defendant, in case the claims presented 'by him, or either of them, should be allowed as off-sets or 'accounts, inasmuch as that is merely a matter of compu- 'tation, depending upon the decision which the court may 'make on the questions of law; the said claims being justly 'due the defendant.

'The auditor would further report that Beeman, deceased, 'at the time he rendered the services, (No. 1 and 2) made 'the charges for the same on his original book as they ap- 'pear on his account annexed, and credited the provision 'box at 50 cts.; and that defendant also made a charge of the 'provision box on his original book, leaving the sum blank; 'but the time when the defendant made such charge did not 'appear."

### Plaintiff's Account.

Theron Webster,

　　　　To Joseph Beeman, Dr.

1. Feb. 14th 1837. To conveying you and chest of
　　tools to Burlington,　　　　　　　　　$0.75
2. " 15th. To carrying you and tools to Shelburne
　　Point,　　　　　　　　　　　　　　0.50
3. Feb. 1838. To part of journey to Brasin, N. Y.　3.00
4. " 20th,1840. Half bill of costs you agreed to
　　pay, myself v. you,　　　　　　　　　0.31
　　　　　　　　　　　　　　　　　　─────
　　　　　　　　　　　　　　　　　　$4.56

Franklin,
January,
1843.

Adm'r of
Beeman
*v.*
Webster.

*Defendant's Account.*

Joseph Beeman, Dr.

| | | |
|---|---|---|
| Feb. 1837. To one provision box, | | $0.75 |
| To one jug, | | 0.25 |
| To repairing cutter, | | 2.00 |
| | | $3.00 |

On the back of an execution in common form, (*Theron Webster* v. *Joseph Beeman*) the commissioners say " allowed by commissioners, June 30th, 1841, two dollars and sixty-five cents."

Upon this report, the county court rendered judgment for the plaintiff, to which the defendant excepted.

*H. R. & J. J. Beardsley,* for defendant.

Judgment on the report should be entered up in favor of the defendant.

1. Because there are no items in the plaintiff's account upon which he can legally recover. *Stevens* v. *Tuttle,* 3 Vt. R. 519; *Slasson* v. *Davis,* 1 Aik. 73; *Loring* v. *Mansfield* 17. Mass. R. 394.

2. Because the defendant's claims should have been allowed in off-set to the plaintiff's account.

————— —————, for plaintiff.

From the facts disclosed in the report, it is clear the defendant could charge the box on book ; and the rights of the parties in this respect, must be reciprocal. The box was delivered before the services were performed. This created a debt or obligation, which was to be discharged by the services of the deceased, and he could well charge the article, and, if not paid for, as agreed, the defendant could recover pay for it in an action on book. The special agreement would not affect his right to recover. *Newton* v. *Higgins,* 2 Vt. R. 366.

The defendant charged the box and presented it for allowance before the commissioners, and it was allowed to him, without objection, and he cannot now object to the plaintiff's charge as illegal. *Barlow* v. *Butler,* 1 Vt. R. 146 ; *Farrar* v. *Gage,* 3 Vt. R. 326. If the plaintiff could not have legally charged the services, yet, as the defendant charged the box on his original book, this would legalize the charge.

*Case* v. *Berry*, 3. Vt. R. 332; *Jennison* v. *Bancroft*, 11 Vt. R. 490.

FRANKLIN,
January,
1843.

Adm'r of
Beeman
*v.*
Webster.

Admitting that the services could not have been properly charged on book, yet, as both parties have, from the beginning, treated the subject-matter of accounting, the charge for services may well be sustained. *Chellis* v. *Wood*, 11 Vt. R. 466.

Can the defendant's offset be allowed? The auditor could only take into consideration claims that were a subject of adjustment. Rev. Stat. 220, sec. 9. The claim the defendant offered in offset, had become a judgment debt. The adjudication of the probate court was conclusive upon the parties, and could not be inquired into, by the auditor, and, therefore, was not a subject-matter of adjustment. *Bates* v. *Kimball, admr.* 2 D. Ch. 77; *Atherton, admr.* v. *Flagg*, 2 D. Ch. 61; *Probate* v. *Fillmore*, 1 D. Ch. 423.

This suit was pending at the time of Joseph Beeman's decease, and it was the duty of the administrator to enter and prosecute, and he could not, consistently with that duty, enter a nonsuit, and present the account before the commissioners. Rev. Stat. 279. sec. 16.

The defendant had his option, either to plead his account in offset, or to present it to the commissioners for allowance. He has chosen his tribunal and must abide the consequences. Rev. Stat. 279, sec. 16.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—The auditor reports, in this case, that the two items of account, for which the plaintiff now asks a judgment, were for services performed by the plaintiff in payment for a provision box before that time had of the defendant by the plaintiff. On this ground no recovery can be had therefor. The principle that services performed, or goods or money advanced, or delivered, in payment of a pre-existing debt, cannot be the ground of an action on book, or any other action, has been so often asserted by this court that it would seem the subject should be at rest. The cases of *Slasson* v. *Dvais*, 1 Aikens, 73; *Stevens* v. *Tuttle*, 3 Vt. R. 519, and *Downer* v. *Frizzle*, 10 Vt. R. 541, which is the very case before us, have settled this principle, and are conclusive of this case.

FRANKLIN,
January,
1843.

Adm'r of
Beeman
v
Webster.

There is another ground, which, in my view, would be equally fatal to any recovery in this case, for a balance to either plaintiff or defendant. Where a person deceases and his estate is represented insolvent, it is contemplated that all mutual claims between the deceased and any one claiming to be a creditor, should be adjusted by the commissioners and the balance ascertained ; or, if a suit is pending in favor of the deceased, which the administrator or executor thinks proper to proceed with, or if the administrator thinks proper to commence an action for the recovery of any claim in favor of the estate, then all mutual claims, of every nature, between the estate and the creditor are to be adjusted and offset in such action. This suit was pending at the decease of the intestate, Joseph Beeman, and it was optional with the administrator to proceed with it, or not, as he thought the interest of the estate required. The defendant presented his account to the commissioners, and at the same time stated to them, that the estate had a claim against him for these services, for which the plaintiff now seeks to recover. No objection appears to have been made by the administrator, against the commissioners allowing the account, nor did he present the claims in favor of the deceased to the commissioners, or signify his election to proceed with this suit. The commissioners proceeded to allow the claims of the defendant, Webster, and we are not to suppose that they did this against the wishes of the administrator. Having found a sum due to Webster, this sum must be treated as a balance of all mutual claims between him and the deceased. There cannot be a balance of mutual claims found due by the commissioners to a creditor, and in a suit at law, a balance adjudged against him. It is obvious to me, by a comparison of the 8th and 16th sections of chapter 49 of the Revised Statutes, that this judgment of the commissioners bars all claims between the parties. The other ground, however, is the one, which governs our decision in this case. The judgment of the county court is reversed, and judgment for the defendant to recover his costs.